IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GALDERMA LABORATORIES, L.P. | § § § | |
| Plaintiff | § § | |
| vs. | § § | CASE NO. 4:20-CV-00185-P |
| GERMANTOWN PROFESSIONAL PHARMACY, LLC d/b/a GERMANTOWN PROFESSIONAL PHARMACY & COMPOUNDING, and HOSSEIN ZAMANI, INDIVIDUALLY | § § § § § § § § | |
| Defendants | § § | |

**ZAMANI'S REPLY TO
PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Hossein Zamani, one of the Defendants in the above-referenced matter ("Zamani") files this Reply to the Response to Defendant's Motion to Dismiss filed by Plaintiff Galderma Laboratories, L.P. ("Galderma") and would respectfully show the Court the following:

**I.
SUMMARY**

1. Galderma brought this case against Zamani and Defendant Germantown Professional Pharmacy, LLC d/b/a Germantown Professional Pharmacy and Compounding ("Germantown"), along with some 17 identical cases filed against pharmacies and their owners across the country. At their core, Galderma alleges the skincare manufacturer overpaid claims for reimbursement under its CareConnect Patient Discount Program for some two years, without realizing its mistake. Galderma then seeks recovery, alleging breach of contract, fraud and money had and received against each pharmacy and its owner, personally, without recognizing that the

pharmacy, not the individual pharmacist, received Galderma's alleged overpayments. *See* App. 004-006, ¶¶ 12, 19-22 (Zamani Declaration).

2.  Zamani is a resident of the District of Columbia. *See* App. 003, ¶ 1. Germantown was an independent pharmacy in the State of Maryland that ceased to do business on October 17, 2019. *See* App. 003, ¶ 3. Galderma wishes to hale Zamani into Court in the State of Texas based on transactions that took place between Germantown and Galderma's CareConnect plan administrator, McKesson Corporation ("McKesson").

3.  Galderma bases its assertion of personal jurisdiction over Zamani on nothing more than the "Terms and Conditions" of the CareConnect Program available online. *See* Plaintiff's Response at pp. 3-10. The jurisdictional provision upon which Galderma bases its argument is not printed on the CareConnect card itself, nor did Galderma or McKesson present Zamani with any terms and conditions and request his consent or signature. *See* App. 005, ¶¶ 16-17. In order to view the CareConnect Terms and Conditions ("Terms and Conditions"), Zamani would be required to read the fine print on the CareConnect card, locate the website address, enter the website into his computer, and search the Terms and Conditions for the jurisdictional provision on which Galderma hangs its hat. *See* Plaintiff's Response at pp. 5-7.

4.  Galderma's unsupported allegations that Zamani was personally involved in submitting claims for reimbursement in the CareConnect Program, coupled with a forum selection clause lurking somewhere on the Internet, fall well short of establishing the minimum contacts required to confer personal jurisdiction and require Zamani to be haled into court in Texas. *See Specht v. Netscape Comms Corp.,* 306 F.3d 17, 31-32, 34 (2d Cir. 2002).

5.  The arguments in Galderma's Response are not new to the Court. This Court considered and rejected virtually identical arguments raised in Galderma's response to the Rule

12(b)(2) Motion to Dismiss filed by Defendant Cody Walker in *Galderma Labs, LP v. HRX Pharmacy, LLC, et al*, Cause No. 4:20-CV-00182-P ("*Walker* case"). *See* this Court's June 19, 2020 Order on Walker's Motion to Dismiss in the *Walker* case at pp. 6-9. The Court's ruling in the *Walker* case is applicable to this case. Galderma has failed to establish personal jurisdiction over Zamani as an individual in the same manner that it failed to establish jurisdiction over Defendant Cody Walker. *See id.*

6. In an effort to avoid a similar result, Galderma asserts that Zamani waived his objection to personal jurisdiction by "extensively" participating in the litigation process. *See* Plaintiff's Response at p. 2. Galderma is wrong. Zamani has not submitted to the jurisdiction of this Court, nor has he waived his jurisdictional challenge. Galderma identifies ten specific items that, according to Galderma, amount to Zamani's consent to personal jurisdiction in Texas. The items in question do not address the merits of the case and in no way establish waiver of personal jurisdiction.

## II.
## ZAMANI HAS NOT WAIVED HIS JURISDICTIONAL CHALLENGE

7. The ten bullet points Galderma relies upon for its waiver argument come nowhere close to establishing extensive participation. *See* Plaintiff's Response at p. 2. With one exception, the items listed by Galderma were either court-required or in direct response to a request from Galderma's counsel. The sole exception, a set of Requests for Production served on Galderma jointly by <u>both</u> Defendants, does not establish that Zamani invoked the jurisdiction of this Court or asked the Court to act on his behalf in some substantive way. Under applicable Fifth Circuit law, Zamani has not waived his challenge to personal jurisdiction.

8. To begin, Galderma's argument ignores the fact that there are <u>two Defendants</u> in this case – Zamani and Germantown – represented by the same counsel. Each of the ten items

listed by Galderma were conducted on behalf of <u>both</u> Defendants and were necessary for the defense of Germantown, whether or not Zamani remains a defendant.

9. Four of the listed items were conducted in response to a Court order or requirement. Defense counsel conferred with opposing counsel and filed a Joint Status Report and a First Amended Joint Status Report in response to Court requirements. Likewise, both Defendants served Rule 26(a) initial disclosures as required by this Court's June 8, 2020 Order Requiring Scheduling Conference and Report for Contents of Scheduling Order. Counsel for both Defendants appeared and participated in the Court-ordered Status Conference on June 2, 2020, along with counsel for several other Galderma pharmacy cases.

10. Five of the items listed by Galderma were a result of specific requests from Galderma's counsel. Galderma requested a stipulation on attorney's fees and an agreed protective order, directed at both Defendants. Similarly, Galderma served discovery on both Defendants, which was answered as required by the Federal Rules of Civil Procedure. Counsel for Galderma asked to review thirty tubs of documents held by now-defunct Germantown, which were presented in a law office in Potomac, Maryland. Zamani had no connection to that production. The documents were listed in a supplemental Response served by Germantown, <u>not</u> Zamani.

11. Galderma also requested a deposition of Zamani, who is not only a Defendant but an owner/witness on behalf of Germantown. Defense counsel has cooperated with Galderma's request and agreed to make Zamani available for deposition via Zoom video conference in November, 2020. The fact that defense counsel cooperated with requests from Plaintiff directed at both Defendants does not invoke the jurisdiction of this Court or waive Zamani's objection to personal jurisdiction.

12.     The only activity listed by Galderma that was initiated by Defendants was the service of one set of Requests for Production on behalf of both Defendants. The Requests sought basic information that is important to the defense of Germantown whether or not Zamani remains a defendant in Texas. Serving limited written discovery is not enough to waive a defendant's objection to personal jurisdiction. *See Brokerwood Prods Int'l., Inc. v. Cuisine Crotone, Inc.*, 104 Fed. Appx. 376, 380 (5th Cir. 2004); *American Patriot Ins. Agency, Inc. v. Mutual Risk Mgmt., Ltd.*, 364 F.3d 884, 888 (7th Cir. 2004) (a defendant's participation in limited discovery during settlement discussions does not, by itself, waive a Rule 12(b) defense).

13.     Waiver of personal jurisdiction requires a defendant to participate in some substantive manner. This standard has long applied in the Fifth Circuit. "If a party enters a case, makes no objection to jurisdiction, and asks the court to act on its behalf in some substantive way, it will be held to have waived further objection." *Transworld Airlines, Inc. v. Mattox,* 897 F.2d 773, 786 (5th Cir. 1990) (quoting *Cactus Pipe & Supply Co. v. M/V Momtmartre,* 756 F.2d 1103, 1108 (5th Cir. 1985)); s*ee also Blueskygreenland Environ. Solutions, LLC v. Rentar Environ. Solutions, Inc.*, 2012 WL 1600457 at *4 (S.D. Tex. May 7, 2012) (recognizing two defendants had not "engaged in any motion practice or extensive substantive proceedings")).

14.     In *Brokerwood,* the Fifth Circuit reversed a holding by the District Court that a defendant waived a personal jurisdiction challenge by participating in a scheduling conference, providing initial disclosures, filing a Motion to strike a jury demand, serving Interrogatories and Requests for Production, and filing a Witness List. *See Brokerwood*, 104 Fed. Appx. at 380. The Fifth Circuit noted that the defendant "did not file any counterclaims, much less seek adjudication on the merits of any claims." *Id.* at 380. The defendant in *Brokerwood* filed its Motion to Dismiss

seven months after its answer. *Id.* at 380-81. The Fifth Circuit reviewed the defendant's activity in the case and determined that it was not enough to waive a jurisdictional challenge. *Id.*

15. Likewise, participation in a court-ordered conference, serving mandatory disclosures and filing status reports, and cooperating with the requests of opposing counsel does not waive Zamani's challenge to personal jurisdiction, particularly since those items were conducted on behalf of two defendants. Regardless of the outcome of Defendant's Motion to Dismiss, Germantown will remain a defendant in Texas. Zamani has filed no counterclaims and in no way asked the Court for any substantive action or adjudication on the merits. The items listed by Galderma are part of the defense of Germantown and do not indicate that Zamani has surrendered his challenge to personal jurisdiction.

### III. THIS COURT LACKS PERSONAL JURISDICTION OVER ZAMANI

16. The remainder of Galderma's Response amounts to a resurrection of the same jurisdictional arguments that this Court rejected in Galderma's failed attempt to oppose the personal jurisdiction challenge in the *Walker* case. *See* Galderma's Response to Cody Walker's Motion to Dismiss in *Walker* case; and this Court's June 19, 2020 Order in the *Walker* case. Likewise, Galderma has fallen short of establishing minimum contacts sufficient to subject Zamani to personal jurisdiction in Texas.

**A.   Zamani Did Not Consent to Jurisdiction in Texas Through Terms and Conditions Posted on Galderma's Internet Website.**

17. In its Response, Galderma maintains that it satisfied its burden of establishing jurisdiction by its assertion that Zamani is bound by the forum selection clause contained in Galderma's Terms and Conditions. *See* Plaintiff's Response at p. 3. In its First Amended Complaint, Galderma states only that "[t]his Court has personal jurisdiction over Defendants because they conduct business in Texas and, in the agreement with Galderma, Defendants

expressly consented to exclusive jurisdiction in Texas." Plaintiff's First Amended Complaint at ¶ 7. Defendants denied those averments. *See* Defendants' Third Amended Answer at ¶ 7.

18. Defendants conducted no business in Texas. *See* App. 004-006, ¶¶ 6-22. Galderma's attenuated assertion of personal jurisdiction hangs on nothing more than the program Terms and Conditions, which reside on an Internet website. Galderma offers no evidence that Zamani, individually, assented to the Terms and Conditions. Galderma's bald assertion that Zamani was aware of the Terms and Conditions is unsupported by fact.

19. In its Complaint, Galderma admits that Galderma "paid the Pharmacy" for claims made under the CareConnect Program. *See* Plaintiff's First Amended Complaint at ¶¶ 17-18. Rightfully, Galderma never asserts that it paid Zamani, individually, for any claims. Yet, from there, Galderma takes a giant leap and asserts that "the pharmacy and Zamani" purchased and sold Galderma products, and the "pharmacy and Zamani" agreed to accept Galderma's Terms and Conditions. *See* Plaintiff's First Amended Complaint at ¶ 13. Galderma cites to nothing to establish that Zamani, as an individual, was made aware of the Terms and Conditions. Zamani, as an individual, never negotiated, accepted, agreed to, signed or entered into an agreement with Galderma regarding the Terms and Conditions. *See* App. 005 at ¶¶ 16-17. The Terms and Conditions lack any requirement or protocol that would seek affirmative agreement or consent from a pharmacy employee that used the CareConnect card by entering it into pharmacy software. *See* App. 021-023 (CareConnect Terms & Conditions).

20. Nothing in the Terms or Conditions requires pharmacy employees to affirmatively consent to the Terms and Conditions. *See* App. 021-023. Without any requirement that a pharmacy employee signify agreement to the Terms and Conditions, there is no basis upon which the Court can assume that any pharmacy employee, much less Zamani, accessed the Internet Terms and

Conditions, and made a decision as to whether or not to agree to jurisdiction in Texas. Galderma cannot show Zamani consented or agreed to jurisdiction in Texas. *See Specht,* 306 F.3d at 31-32, 34.

### B. Zamani's Role at Germantown Changes Nothing.

21. In another inferential leap to salvage personal jurisdiction, Galderma attempts to apply Texas Administrative Law to Zamani's operation of Germantown in the State of Maryland. *See* Plaintiff's Response at pp. 9-10. Galderma identifies some responsibilities of the "pharmacist-in-charge" in Texas, including supervision of the operation, disposal of drugs, maintenance of records, and compliance with legal requirements. *Id.* Galderma cites the Court to no authority that holds a pharmacist, in either Maryland or Texas, personally consents to jurisdiction in another state, as an individual defendant, when the pharmacy submits reimbursement claims to a manufacturer through a program governed by terms and conditions located on the Internet. Even if Zamani was the "pharmacist-in-charge" of Germantown[1], no rule makes him subject to jurisdiction in Texas. Despite Galderma's assertions to the contrary, Zamani's role as owner and manager at Germantown does not establish that he "used the CareConnect Card and participated in the Program" as an individual. *See* Plaintiff's Response at p. 10.

### C. Galderma Has Not Established Minimum Contacts Between Zamani and Texas.

22. Alternatively, Galderma argues that it has established minimum contacts between Zamani and Texas because Zamani allegedly submitted numerous reimbursement requests to Galderma, a Texas based company. *See* Plaintiff's Response at p. 13. All of Zamani's activities as a pharmacist at Germantown were done in his capacity as an employee of Germantown and not as an individual. *See* App. 004-006, ¶¶ 6-22. "The fiduciary-shield doctrine holds that an individual's

---

[1] Counsel has been unable to locate the terms "managing pharmacist" or "pharmacist-in-charge" in the governing rules of Maryland (Md. Regs. Code tit. 10, § 10.34 (2020); Md. Code Ann., Title 12 Pharmacists & Pharmacies (2020)).

transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation." *See* this Court's June 19, 2020 Order in the *Walker* case (citing *Stuart v. Spademan*, 727 F.2d 1185, 1197 (5th Cir. 1985)); *Southern Bleacher Co., Inc. v. Husco, Inc.*, 2001 WL 497772 at *6 (N.D. Tex. May 7, 2001).

23. Galderma contends that its bald allegations of fraud against Zamani save Galderma from the effects of the fiduciary shield doctrine. Galderma is incorrect.

24. As this Court recently held in the *Walker* case, "mere allegations of fraud by an out-of-state defendant without a showing of minimum contacts will not confer jurisdiction and activities conducted by a defendant in the course of performing duties for a corporation are not relevant and should not be considered as grounds for imposing jurisdiction over them in Texas." *See* this Court's June 19, 2020 Order in the *Walker* case. "A plaintiff's 'mere assertion' of a claim against a defendant will not support the exercise of jurisdiction absent minimum contacts." *Southern Bleacher,* 2001 WL 497772 at *5 (citing *Star Technology, Inc. v. Tultex Corp.*, 844 F.Supp. 295, 299 (N.D. Tex. 1993)).

25. All of Zamani's actions with regard to the pharmacy were taken as part of his role as an owner and employee of Germantown. Galderma has established nothing to the contrary. Adhering to the fiduciary shield doctrine, the Court must find that Galderma has failed to establish minimum contacts between Zamani and the State of Texas.

WHEREFORE, Defendant Hossein Zamani asks the Court to find that this Court lacks personal jurisdiction over him, GRANT his Motion to Dismiss, and DISMISS all claims against him. Defendant also prays for general relief.

Respectfully submitted,

*/s/ Daniel C. Steppick*
Daniel C. Steppick
State Bar No. 00791732
Dan@LacyMalone.com
Zshoná A. Workman
State Bar No. 24099397
Zshona@LacyMalone.com
**LACY MALONE STEPPICK**
**RYDER & MENEFEE, PLLC**
303 Main Street, Suite 200
Fort Worth, Texas 76102
Telephone:     (817) 349-8409
Facsimile:      (817) 349-8006
**ATTORNEYS FOR DEFENDANTS**

# CERTIFICATE OF SERVICE

On this 3rd day of November, 2020, the foregoing document was submitted to the clerk of court for the U. S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by any other manner authorized by the Federal Rules of Civil Procedure, as follows:

**WICK PHILLIPS GOULD & MARTIN, LLP**
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
　　*Via E-Service*
　　David J. Drez III
　　david.drez@wickphillips.com
　　*Via E-Service*
　　Lauren K. Drawhorn
　　lauren.drawhorn@wickphillips.com
　　*Via E-Service*
　　Schyler P. Parker
　　schyler.parker@wickphillips.com

By: */s/ Daniel C. Steppick*